# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KIRIAKI MOSHOGIANNIS, <br><br> Plaintiff, <br><br> v. <br><br> ALMADEN FAMILY HOUSING, <br><br> Defendant. | Case No. 5:25-cv-07362-BLF <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER; SCREENING COMPLAINT; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** <br><br> [Re: ECF 2, 3] |

Plaintiff Kiriaki Moshogiannis, proceeding pro se, has filed an application to proceed in forma pauperis. She has also filed an ex parte application for a temporary restraining order ("TRO") and motion for a preliminary injunction, seeking to enjoin Defendant Almaden Family Housing from continuing with eviction proceedings against her and apparently seeking relief pursuant to the Americans with Disabilities Act ("ADA").

For the reasons discussed below, the application to proceed in forma pauperis is **GRANTED** based on Plaintiff's affidavit describing her lack of financial resources.

However, after screening the complaint as required under 28 U.S.C. § 1915, the Court finds that the complaint is subject to dismissal for failure to state a claim giving rise to federal subject matter jurisdiction; for the same reason, Plaintiff's application for a TRO and motion for a preliminary injunction must be **DENIED**. The Court will grant Plaintiff an opportunity to amend her pleading but will not order service of process by the United States Marshall unless Plaintiff states a viable federal claim.

## I.     BACKGROUND

Plaintiff filed this pro se action on September 2, 2025. *See* Compl., ECF 1. In her handwritten complaint, Plaintiff invokes this court's federal subject matter jurisdiction under the

1  ADA and alleges that she was evicted despite a doctor's letter, which apparently certified that she
2  suffers from a disability. Although she alleges that her rights under the ADA have been violated,
3  her complaint does not set forth any elements of a cause of action under the ADA. She further
4  contends that the state court judge in the underlying housing dispute improperly refused to recuse
5  herself.

Plaintiff filed an application to proceed in forma pauperis on September 2, 2025. *See* Pl.'s Applic., ECF 2. Thereafter, Plaintiff filed an ex parte application for TRO concurrently with her complaint. *See* Pl.'s Applic., ECF 3. The case was reassigned to the undersigned judge on September 2, 2025. *See* Order Reassigning Case, ECF 6.

The complaint alleges only that Plaintiff was improperly evicted and that the state court judge should have recused herself, asserting that "everything" else is in the Plaintiff's "evidence," presumably referring to the more than 200 pages Plaintiff submitted with her complaint. In her filings, Plaintiff shares that she suffers from a disability for which she receives care from a mental health professional. This attachment, however, does not shed much light on the Plaintiff's purported cause of action. It is merely apparent that after the Defendant initiated eviction proceedings, Plaintiff contested the eviction in state court, and soon thereafter unsuccessfully moved for the presiding state court judge to recuse herself.

**II.     LEGAL STANDARD**

Plaintiff's application to proceed in forma pauperis is governed by 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees." *Id.* § 1915(a). When a district court grants in forma pauperis status, the court must screen the complaint and dismiss the action if it is frivolous. *Id.* § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000). If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

The court may grant an ex parte TRO application only if (1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. The legal standards applicable to TROs and preliminary injunctions are "substantially identical." *Barbaria v. Blinken*, 87 F.4th 963, 979 (9th Cir. 2023). "To obtain a preliminary injunction, a plaintiff must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Id.* (internal quotation marks and citation omitted); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

**III.    DISCUSSION**

The complaint on its face does not recite any facts giving rise to federal subject matter jurisdiction. While the Plaintiff alleges that her rights under the ADA have been violated, she does not identify any pertinent facts supporting a claim under the ADA. While the Court is required to liberally construe pro se documents, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Because the complaint fails to provide any facts at all to establish an ADA violation, it fails to clear this threshold. For the same reason, the Court finds that the complaint fails to establish a likelihood of success on the merits, as would be required for injunctive relief. It should also be noted that the Court cannot serve as an appellate court for the eviction proceeding. The sole issue is whether Plaintiff's rights have been violated under the ADA.

**IV.    ORDER**

(1) Plaintiff's application to proceed in forma pauperis is **GRANTED**.

(2) Plaintiff's ex parte application for a TRO is **DENIED**.

(3) Pursuant to the initial screening required under 28 U.S.C. § 1915, the complaint is DISMISSED WITH LEAVE TO AMEND for failure to state a claim.

(4) Plaintiff MAY file an amended pleading within twenty-one days of the date of this

1  order, or by September 24, 2025.  Leave to amend is limited to the deficiencies
2  identified in this order.  Plaintiff may not add additional parties or claims without
3  obtaining leave of the Court.
4  (5) The Court will not order service of process by the United States Marshal unless
5  Plaintiff states a viable federal claim.
6  (6) This order terminates ECF 2, 3.

**IT IS SO ORDERED.**

Dated:  September 3, 2025

_____
TRINA L. THOMPSON on behalf of:
BETH LABSON FREEMAN
United States District Judge