**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KIRIAKI MOSHOGIANNIS,<br><br>Plaintiff,<br><br>v.<br><br>ALMADEN FAMILY HOUSING,<br><br>Defendant. | Case No. 5:25-cv-07362-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF 11] |

On September 4, 2025, Plaintiff Kiriaki Moshogiannis, proceeding pro se, filed a Motion for Reconsideration seeking reconsideration of the Court's Order Denying Temporary Restraining Order at ECF 8. ECF 11. After considering Plaintiff's paper, the Court DENIES Plaintiff's Motion for Reconsideration.

**I.     BACKGROUND**

Plaintiff filed this pro se action on September 2, 2025, alleging a cause of action under the Americans With Disabilities Act ("ADA") in connection with her eviction from her residence. *See* Compl., ECF 1. In her handwritten complaint, Plaintiff did not set forth any elements of a cause of action under the ADA. Plaintiff also filed an application to proceed in forma pauperis on September 2, 2025. *See* Pl.'s Applic., ECF 2. Plaintiff filed an ex parte application for a temporary restraining order ("TRO") concurrently with her complaint. *See* Pl.'s Applic., ECF 3. The case was reassigned to the undersigned judge on September 2, 2025. *See* Order Reassigning Case, ECF 6.

On September 3, 2025, the Court granted Plaintiff's application to proceed in forma pauperis, and in accordance with 28 U.S.C. § 1915(e) screened the complaint. *See* Order, ECF 8. Because Plaintiff's complaint failed to set forth the elements for a cause of action under the ADA, the Court dismissed the complaint without prejudice; for the same reason, the Court denied

Plaintiff's motion for TRO. *See id.*

## II.  LEGAL STANDARD

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The Northern District of California also has local rules governing motions for reconsideration. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

## III.  DISCUSSION

Plaintiff argues that the Court "failed to properly weigh existing, documented facts that establish federal jurisdiction and irreparable harm." Pl.'s Mot. at 2. Plaintiff further argues that "[t]he court's denial of the TRO failed to apply the correct standard under *Winter v. Natural Resources [D]efense Council*, 555 U.S. 7 (2008)." *Id.* at 3.

Having considered Plaintiff's arguments, the Court DENIES her Motion for

Reconsideration. The Court finds that there is no change in law or facts that warrants a grant of temporary restraining order. As the Court previously explained, Plaintiff's complaint failed to set forth a basis for relief as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has failed to explain how she has demonstrated a likelihood of success on the merits.

**IV.     ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for a Temporary Restraining Order is DENIED.

Dated:  September 4, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3